UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    Case No. 1:02-cr-20016

v.                                        Honorable Thomas L. Ludington
                                                  United States District Judge

JAMES HOWARD LAUGHTON,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COUNSEL**

This matter is before this Court upon Defendant James Howard Laughton's *pro se* Motion for Appointed Counsel. ECF No. 146. The Motion will be denied because counsel is not warranted to file a motion for early termination of supervised release.

On February 9, 2007, a jury found Defendant guilty of distribution of methamphetamine hydrochloride, 21 U.S.C. § 841(a)(1), and felon in possession, 18 U.S.C. § 922(g)(1). ECF Nos. 129–131. In November 2007, he was sentenced to 293 months' imprisonment and 10 years of supervised release. ECF No. 143. In October 2016, his sentence was reduced to 240 months' imprisonment and 10 years of supervised release. ECF No. 145.

On December 1, 2022, Defendant filed a motion to receive court-appointed counsel to file a motion to terminate his supervised release. ECF No. 146.

The Sixth Amendment secures to a defendant who faces incarceration the right to counsel at all "critical stages" of the criminal process. *United States v. Wade*, 388 U.S. 218, 224 (1967). The Supreme Court has held that prisoners' postconviction right to counsel extends to only the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

The decision to appoint counsel is within the discretion of the court, and courts should appoint counsel only when the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (per curiam). Appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner (1) could not obtain justice without an attorney, (2) could not obtain a lawyer on his own, and (3) would have a reasonable chance of winning with the assistance of counsel. *United States v. Curney*, 581 F. Supp. 3d 910, 911 (E.D. Mich. 2022) (citing *Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002)); *accord United States v. Wright*, No. 1:20-CR-20378, 2022 WL 619648, at *1 (E.D. Mich. Mar. 2, 2022) (same).

Appointment of counsel is not warranted here. Defendant argues he needs counsel to file a motion to terminate his supervised release. *See* ECF No. 146. But a motion to terminate supervised release entails a smaller part of the standard of review that applies to motions for compassionate release, which do not warrant appointed counsel. *See Curney*, 581 F. Supp. 3d at 912 (citations omitted) (holding that "seeking compassionate release does not involve complex facts or legal doctrines that would prevent [defendants] from effectively bringing the motion on [their] own behalf"); *Wright*, 2022 WL 619648, at *1 (same for First Step Act motions). "And Defendant has provided no explanation for his request." *United States v. Hogg*, No. 1:11-CR-20220, 2022 WL 4369954, at *2 (E.D. Mich. Sept. 21, 2022).

A sentencing court may terminate a parolee's supervised release if it is "warranted" by the parolee's "conduct" and "the interest of justice" based on "the factors set forth in [§] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(e). The relevant § 3553(a) factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

>   (2) the need for the sentence imposed--
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>   (4) the kinds of sentence and the sentencing range established for--
>     (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…
>   (5) any pertinent policy statement…
>   (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>   (7) the need to provide restitution to any victims of the offense.

*Id.* § 3553(a). "Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances—such as exceptionally good behavior." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) (unpublished) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Defendant must address that analysis.

Accordingly, it is **ORDERED** that Defendant's Motion for Appointed Counsel, ECF No. 146, is **DENIED**. Defendant may file a termination-of-supervised-release motion without counsel.

**This is not a final order and does not close the above-captioned case**.

Dated: December 5, 2022               s/Thomas L. Ludington
                                      THOMAS L. LUDINGTON
                                      United States District Judge